35069. Burton *v.* The State.

Gardner, P. J. 1. The defendant was indicted for illegally manufacturing intoxicating liquors, in that he did, "on the 1st day of July, 1950 with force of arms, unlawfully make, manufacture and distill spirituous, alcoholic and intoxicating liquors and beverages, contrary to the laws of said State." The evidence revealed that the officers discovered a whisky still near the defendant's house. They concealed themselves there about 10 at night and stayed until about daylight of the next morning. About daylight the defendant came in and fired up the still and began to operate. The still had a capacity of about one hundred gallons. One witness testified that he had known the defendant since the witness was old enough to know anybody. The defendant brought some wood down to the still, cut it, and started a fire in the still. The officers observed him actually distilling the whisky from the still. They watched him for some thirty minutes to an hour. The defendant saw the officers and ran from the still. He went to Florida. The officers could not apprehend him until about two years thereafter. The jury returned a verdict against the defendant. He filed a motion for new trial on the usual general grounds and added one special ground. The evidence abundantly supports the verdict.

2. The one special ground assigns error because the court charged the jury as follows: "If this defendant was there and had beer ripened to the state to where it would be intoxicating, that itself is manufacturing." Counsel for the defendant in his argument admits that this excerpt from the charge is sound as an abstract principle of law, but insists that the court committed reversible error in charging it because the evidence did not warrant such a charge and because it confused the jury as to the real issue. The whole charge of the court is not in the record. We cannot see how this excerpt could have confused the jury, since it is a correct abstract principle of law, as counsel for the defendant has agreed; and since the presumption is that the court fully charged the jury as to all principles of law applicable to the evidence, we are unable to hold that this excerpt, standing alone, was error. This ground is without merit.

The court did not err in denying the motion for new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

Decided April 6, 1954.

8

*Joseph M. Rogers,* for plaintiff in error.
*Russell C. Davison, Jr., Solicitor-General,* contra.